OPINION OF THE COURT
Antonio I. Brandveen, J.
Defendant, who is the prime tenant of Bronx Terminal Market, is charged with a violation of rule 20 of the Rules and Regulations — Markets—(Rules) published under the authority of the Commissioner of Ports and Terminals pursuant to *201 Agriculture and Markets Law § 269. The defendant was issued a summons on or about June 17, 1985 for failing to eliminate a fire hazard when instructed to do so by an employee of the Department of Ports and Terminals. Rule 20 states as follows:
"Rule 20. Conduct—
"No person shall—
"A. Disobey any order of any employee of the Department or other employee of the City or disobey or violate any notice, prohibition, instruction or direction of the Department or of any other City agency”.
The defendant now moves to have the action dismissed on the grounds that the within prosecution is void and that the New York Agriculture and Markets Law grants no authority to the Commissioner of Ports and Terminals to commence criminal proceedings of any kind to enforce said rules. Defendant maintains the sole means of enforcement is through the imposition of civil penalties pursuant to Agriculture and Markets Law § 270. The court finds the instant criminal court proceeding entirely proper and therefore sees fit to deny defendant’s motion.
Agriculture and Markets Law § 269 grants to the Commissioner of Ports and Terminals the authority to make and amend rules for the
"government, regulation, control, discipline and conduct of
"1. The business of the department;
"2. The repair, care and use of markets”.
The rules became effective upon the approval of the Board of Estimate on May 22, 1969, pursuant to Agriculture and Markets Law § 270.
Agriculture and Markets Law § 270-a states: "In addition to the punishment provided for violation of the rules of the commissioner of ports and terminals or the commissioner of public markets provided in the foregoing section, an action or proceeding may be instituted in a court of competent civil jurisdiction”. It should be noted defendant’s memorandum of law conveniently left out the first clause of this section.
Regulations of the Department of Ports and Terminals states:
"Penalty * * *
"B. Any person who violates any of these rules and regulations shall be guilty of an offense triable by a Judge of the N.Y.C. Criminal Court, and punishable by a fine of not less *202 than twenty-five dollars for each offense or by imprisonment not exceeding ten days, or by both.”
Local Laws, 1977, No. 28 of City of New York amended New York City Charter chapter 29 to establish the Department of Ports and Terminals as a separate mayoral agency, with responsibility to exercise the powers of a city Department of Public Markets under the Agriculture and Markets Law. (See, Legislature memoranda, 1984 McKinney’s Session Laws of NY, at 3372; L 1984, ch 588.)
New York City Charter, chapter 29, § 704 specifically grants the Commissioner of Ports and Terminals the power to enforce criminal penalties. Said section provides that "(k) * * * [any] violation of or the failure to comply with any such order, rule or regulation shall be triable in criminal court and punishable, upon conviction, by not more than thirty days imprisonment or by a fine of not less than one hundred dollars nor more than five hundred dollars, or both.” (Emphasis added.)
The authority upon which this proceeding was commenced is clear and, accordingly, the motion is denied.